UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY SNOW,

                           **Plaintiff,**

                v.                                      3:15-CV-694
                                                                    (FJS)

**CAROLYN W. COLVIN,**
**Commissioner of Social Security,**

                          **Defendant.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **LACHMAN & GORTON** <br> 1500 East Main Street <br> P. O. Box 89 <br> Endicott, New York 13761-0089 <br> Attorneys for Plaintiff | **PETER A. GORTON, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION** <br> **OFFICE OF REGIONAL** <br> **GENERAL COUNSEL – REGION II** <br> 26 Federal Plaza – Room 3904 <br> New York, New York 10278 <br> Attorneys for Defendant | **KATHRYN S. POLLACK, ESQ.** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

    Plaintiff Anthony Snow brought this action pursuant to the Social Security Act, 42 U.S.C. § 405(g) ("Act"), seeking judicial review of a final decision of the Commissioner of Social

Security (the "Commissioner"), finding that his disability had ended. *See generally* Dkt. Nos. 1, 16. Currently before the Court are the parties' cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 16, 20.

### II. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff received Supplemental Security Income ("SSI") as a child. *See* Administrative Record ("AR") at 36-38. When Plaintiff attained the age of 18, the Commissioner reviewed Plaintiff's status and determined that he was no longer disabled. *See id.* Plaintiff appealed, and a Disability Hearing Office upheld that determination. *See id.* at 38. Subsequently there was a hearing before Administrative Law Judge John P. Ramos ("ALJ"), who also found that Plaintiff was no longer disabled. *See id.* at 42-50. Plaintiff sought review by the Appeals Council of the Social Security Administration, which remanded the case to ALJ Ramos with instructions to, among other things, obtain further medical evidence and obtain evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base. *See id.* at 53-55.

On remand, the ALJ augmented the record with additional medical records, *see* AR at 450-92, and conducted a hearing on April 24, 2013, at which Attorney Peter A. Gorton represented Plaintiff. *See id.* at 532-64. On June 6, 2013, the ALJ issued a written decision in which he made the following findings "[a]fter careful consideration of the entire record . . . ."

1) Plaintiff "attained age 18 on September 29, 2008, and was eligible for supplemental security income benefits as a child for the month preceding the month in which he attained age 18. [Plaintiff] was notified that he was found no longer disabled as of April 1, 2009, based on a redetermination of disability under the rules for adults who file new applications."
2) "Since April 1, 2009, [Plaintiff] has had the following severe impairments: spinal scoliosis, history of corpus callosum agehesis and sequalea, asthma, and history of petit mal seizures."

3) "Since April 1, 2009, [Plaintiff] did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."
4) "After careful consideration of the entire record, the undersigned finds that [Plaintiff] has had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a), but should avoid exposure to concentrated respiratory irritants, working with dangerous machinery, scaffolds, ropes or ladders, or working at elevated heights. He has retained the ability to understand and follow simple instructions and directions; perform simple routine, one and two step tasks with supervision and independently; maintain attention/concentration for simple routine, one and two step tasks, regularly attend to a routine and maintain a schedule; relate to and interact appropriately with others to the extent necessary to carry out simple tasks; and handle reasonable levels of simple, repetitive work-related stress in that he can make decisions directly related to the performance of simple work and handle usual workplace changes and interactions associated with simple work."
5) Plaintiff "has no past relevant work."
6) Plaintiff "was born on September 30, 1990 and is a younger individual age 18-44."
7) Plaintiff "has at least a high school education and is able to communicate in English."
8) "Transferability of job skills is not an issue because [Plaintiff] does not have past relevant work."
9) "Since April 1, 2009, considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform."
10) Plaintiff's "disability ended on April 1, 2009, and [Plaintiff] has not become disabled again since that date."

*See* AR at 18-35 (citations omitted).

The ALJ's decision became the Commissioner's final decision on April 20, 2015, when the Appeals Council of the Social Security Administration denied Plaintiff's request for review. *See* AR at 7-9. Plaintiff then commenced this action on June 5, 2015, filing a supporting brief on December 15, 2015. *See* Dkt Nos. 1, 16. Defendant filed a responsive brief on February 29, 2016, *see* Dkt. No. 20, to which Plaintiff filed a reply brief on April 25, 2016, *see* Dkt. No. 24.

In support of his motion, Plaintiff advances two arguments. First, Plaintiff argues that the ALJ mischaracterized the vocational expert's testimony at step five of the disability analysis and that, as a result, the Commissioner failed to meet her burden at that step. Second, Plaintiff

argues that the ALJ failed to account for Plaintiff's inability to stay focused and working throughout a workday. *See generally* Dkt. No. 16, Pl.'s Br.

## III. DISCUSSION

### A. Standard of review

Absent legal error, a court will uphold the Commissioner's final determination if there is substantial evidence to support it. *See* 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence to mean "'more than a mere scintilla'" of evidence and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). Accordingly, a reviewing court "'may not substitute [its] own judgment for that of the [Commissioner], even if [it] might justifiably have reached a different result upon a de novo review.'" *Cohen v. Comm'r of Soc. Sec.*, __ F. App'x __, 2016 WL 1055351, *1 (2d Cir. Mar. 17, 2016) (summary order) (quoting *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984)). In other words, "[t]he substantial evidence standard means once an ALJ finds facts, [a reviewing court] can reject those facts 'only if a reasonable factfinder would *have to conclude otherwise*.'" *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (quotation and other citation omitted).

> If an individual is eligible for [Social Security] benefits . . . by reason of disability for the month preceding the month in which the individual attains the age of 18 years, the Commissioner shall redetermine such eligibility—
>
> (I) by applying the criteria used in determining initial eligibility for individuals who are age 18 or older; and
>
> (II) either during the 1-year period beginning on the individual's 18th birthday or, in lieu of a continuing disability review, whenever the Commissioner determines that an individual's case is subject to a redetermination under this clause.
>
> 42 U.S.C. § 1382c(a)(3)(H)(iii).

"To be eligible for benefits, a claimant must show that he suffers from a disability within the meaning of the [Social Security] Act." *Boyden v. Comm'r of Soc. Sec.*, 5:13-CV-579, 2016 WL 10208555, *2 (N.D.N.Y. Mar. 14, 2016). In other words, once a claimant reaches age 18, the Social Security Administration reviews his application using the rules for adults who file new applications. *See* 20 C.F.R. § 416.987(b).

The Act defines "disability" as an inability to engage in substantial gainful activity ("SGA") by reason of a medically determinable physical or mental impairment that can be expected to cause death or last for twelve consecutive months. *See* 42 U.S.C. § 1382c(a)(3)(A). To determine if a claimant has sustained a disability within the meaning of the Act, the ALJ follows a five-step process:

> 1) The ALJ first determines whether the claimant is engaged in SGA. *See* 20 C.F.R. §§ 416.920(b), 416.972. If so, the claimant is not disabled. *See* 20 C.F.R. § 416.920(b). This step is not used for redetermining disability at age 18. *See* 20 C.F.R. § 416.987(b).
>
> 2) If the claimant is not engaged in SGA, the ALJ determines if the claimant has a severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(c). If not, the claimant is not disabled. *See id*.
>
> 3) If the claimant has a severe impairment, the ALJ determines if the impairment meets or equals an impairment found in the appendix to the regulations (the "Listings"). If so, the claimant is disabled. *See* 20 C.F.R. § 416.920(d).
>
> 4) If the impairment does not meet the requirements of the Listings, the ALJ determines if the claimant can do his past relevant work. *See* 20 C.F.R. § 416.920(e), (f). If so, he is not disabled. *See* 20 C.F.R. § 416.920(f).
>
> 5) If the claimant cannot perform his past relevant work, the ALJ determines if he can perform other work, in light of his RFC, age, education, and experience. *See* 20 C.F.R. § 416.920(f), (g). If so, then he is not disabled. *See* 20 C.F.R. § 416.920(g). A claimant is only entitled to receive benefits if he cannot perform any

alternative gainful activity. *See id.*

For this test, the burden of proof is on the claimant for the first four steps and on the Commissioner for the fifth step, if the analysis proceeds that far. *See Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998) (quotation omitted).

At step five of the disability analysis, "'work which exists in the national economy' means work which exists in *significant numbers either* in the region where the individuals live *or* in several regions of the country." Social Security Ruling ("SSR") 82-53, 1982 WL 31374, *3 (Jan. 1, 1982). This definition is designed "to emphasize that . . . a type(s) of job which exists only in very limited numbers or in relatively few geographic locations may not be said to 'exist in the national economy.'" *Id.* "Courts have generally held that what constitutes a 'significant' number is fairly minimal." *Fox v. Comm'r of Soc. Sec.*, No. 6:02–CV–1160, 2009 WL 367628, *20 (N.D.N.Y. Feb. 13, 2009) (citations omitted). Additionally, when a claimant's nonexertional impairments "'significantly limit the range of work permitted by his exertional limitations,'" the Commissioner "must introduce the testimony of a vocational expert (or other similar evidence) that jobs exist in the economy which claimant can obtain and perform." *Bapp v. Bowen*, 802 F.2d 601, 603, 605 (2d Cir.1986) (quotation omitted).

"Courts do not require vocational experts to have and employ precise data-matching algorithms for associating Census Code, SOC-based or similar employment numbers to DOT-based job types because DOT-specific job numbers simply do not exist." *Vandermark v. Colvin*, No. 3:13-CV-1467, 2015 WL 1097391, *16 (N.D.N.Y. Mar. 11, 2015).

> Courts balk, however, when vocational experts provide incidence testimony based on broad occupation groupings without accounting for the fact that such groupings include more jobs that [sic] a particular claimant can perform, without adjusting those incidence numbers accordingly or when they otherwise inject meaningful uncertainty as to how adjustments are made.

*Id*; *see also Marvin v. Colvin*, No. 3:12-CV-1779, 2014 WL 1293509, *10 (N.D.N.Y. Mar. 31, 2014) (collecting authority); *cf. Kennedy v. Astrue*, 343 F. App'x 719, 722 (2d Cir. 2009) (finding that, "although the vocational expert acknowledged that the data on which she relied . . . also encompassed approximately 59 other DOT titles, viewed in context, it is apparent that the expert arrived at her estimated figures . . . by discounting from the total numbers for all 60 DOT titles").

In this case, the ALJ at step five identified two job titles that Plaintiff could perform considering his age, education, work experience, and RFC: Lens Inserter (DOT 713.687-026) and Waxer (DOT 779.687-038). The ALJ found that there are 218,740 and 419,840 jobs in the nation for those specific job titles, respectively. *See* AR at 33. However, the vocational expert testified on cross-examination at the hearing that these national numbers are not specific to the job titles, but instead are representative of broad occupation groups which include hundreds of other job titles—many of which are not available to Plaintiff due to his limitations. Upon further questioning, the expert testified that he knew of no other way to determine how many individual jobs would be available to Plaintiff other than a labor market survey. *See* AR at 557-59. As a result, the vocational expert made no attempt to adjust the broad national numbers to approximate how many positions exist for the specific job titles discussed. In fact, the ALJ instructed the vocational expert only to provide national numbers. *See id.* at 553. Under these circumstances, the Court finds that the vocational expert's testimony "was hardly clear as to the number of jobs available" to Plaintiff in the local or national economy, *Marvin*, 2014 WL 1293509, at *10. Accordingly, the Court further finds that there is not substantial evidence supporting the ALJ's step-five finding. *See Richardson*, 402 U.S. at 401.

The Court has considered Plaintiff's additional arguments and finds them to be without merit.[1] The Court directs the ALJ on remand to address the narrow issue of determining whether significant jobs exist in the national economy *that Plaintiff can perform*, considering his age, work experience, and RFC. *See* 20 C.F.R. § 404.1560(c)(2); *Kennedy*, 343 F. App'x at 722.

## IV. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No 16, is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 20, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED** and this matter is **REMANDED** to the ALJ for further proceedings consistent with this Memorandum-Decision and Order pursuant to sentence four of the Act; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiff and close this case.

**IT IS SO ORDERED.**

Dated: May 20, 2016
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

---

[1] After reviewing the record, the Court is satisfied that the ALJ considered all of the relevant evidence in arriving at an RFC finding that accounts for all of Plaintiff's medically determinable impairments. *See* 20 C.F.R. § 416.945(a)(2)-(3).